Carolyn Hunt Cottrell (SBN 166977)
Nicole N. Coon (SBN 286283)
SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone:  (415) 421-7100
Facsimile:  (415) 421-7105
ccottrell@schneiderwallace.com
ncoon@schneiderwallace.com

Sarah R. Schalman-Bergen (*pro hac vice*)
Camille Fundora (*pro hac vice*)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone:  (215) 875-3000
Sschalman-bergen@bm.net
cfundora@bm.net

Attorneys for Plaintiff and the proposed Class

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH KOMARNICKI, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>LINKUS ENTERPRISES, LLC, LINKUS ENTERPRISES, INC., LINKUS CA, DISH NETWORK SERVICE CORPORATION, DISH NETWORK CALIFORNIA SERVICE CORPORATION, and DOES 1-50, inclusive,<br><br>    Defendants. | Case No. 1:16-cv-01602-DAD-SKO<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT LINKUS ENTERPRISES LLC'S MOTION TO STAY ACTION**<br><br>Judge:    Hon. Dale A. Drozd<br>Hearing Date: April 18, 2017<br>Time:    9:30 a.m.<br>Courtroom:  5<br><br>Date of Removal: October 21, 2016<br>Trial Date:  None Set |

## I.    INTRODUCTION

Federal courts have an obligation to vigorously protect their jurisdiction. This obligation cannot be disturbed absent extraordinary circumstances.  Even when a concurrent state proceeding might address issues relevant to a federal action, the federal proceeding should proceed.  Simply, abstention is the exception.

Defendant Linkus Enterprises, LLC ("Defendant") moves to stay these proceedings by invoking the narrowest of this Court's equitable powers: *Colorado River* abstention.[1] The *Colorado River* doctrine represents a narrow exception to the general rule that a pending state court action is no obstacle to proceedings concerning the same matter in federal court. *Colorado River* abstention permits a district court to stay federal proceedings in favor of parallel state proceedings when it has full confidence that resolution of the state proceeding would end the federal proceeding, and in addition, finds that wise judicial administration – giving due regard to comprehensive disposition of the litigation – warrants abstention.  Such cases are "rare," "limited," and "exceptional," with "only the clearest of justifications" supporting abstention. *R.R. St. & Co. v. Transp.  Ins. Co*., 656 F.3d 966, 977–78 (9th Cir. 2011) (internal quotation marks and citation omitted).

Defendant does not begin to meet this burden. Instead, Defendant relies entirely on the fact that a distinct state court proceeding, *Hilderbrand v. LinkUs Enterprise, LLC,*[2] – a proceeding involving different claims, different parties, and different remedies – happens to share *some* factual predicates, *some* claims, and *a single* party. But these ordinary circumstances do not warrant the extraordinary remedy of *Colorado River* abstention.

First and foremost, under binding Ninth Circuit law, a dispositive consideration against a stay in the *Colorado River* analysis is the existence of a substantial doubt as to whether the state proceedings will resolve the federal action.  With respect both to parties and claims, *Hilderbrand* will not, and cannot, resolve this federal action.  Unlike *Hilderbrand,* Plaintiff challenges the conduct of numerous entities under joint employer liability theories. Of all the entities Plaintiff

---

[1] *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).
[2] *Hilderbrand v. LinkUs Enterprise, LLC.*, currently pending in the Humboldt County Superior Court, Civil Action No. DR-150155.

submits are culpable for his and the putative class's injuries, only one is present in the *Hilderbrand* action – Defendant Linkus Enterprises, LLC.[3] Moreover, the fact that no class has been certified in *Hilderbrand* raises significant questions as to whether *Hilderbrand* can resolve the federal action.

Crucially, and unlike *Hilderbrand,* Plaintiff asserts claims under the Private Attorneys General Act, Cal. Lab. Code § 2699 *et seq.,* (the "PAGA"). The presence of this PAGA claim does not merely distinguish the claims and remedies at issue here from *Hilderbrand,* but it also fundamentally alters the property interests and parties involved.  PAGA claims do not concern the vindication of individual rights; they are a law enforcement action that substitutes for an action brought by the government itself. Plaintiff brings these PAGA claims as the proxy of the State's labor law enforcement agencies, representing the same legal right and interest as those agencies, and it is the State of California's claims at issue. Thus, unlike the claims and parties in *Hilderbrand*, this case does not concern an ordinary dispute between private parties.  Instead, it is a dispute between the State of California and several employers (only one of whom is involved in *Hilderbrand*).  Thus, no matter what happens in *Hilderbrand*, these PAGA claims must be litigated, and as a matter of law, will not be resolved by a distinct state court proceeding.

Because *Hilderbrand* is incapable of resolving all the claims and issues in this case, *Colorado River* cannot be relied upon to stay these proceedings, and Defendant's motion should be summarily denied.  *See Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 912 (9th Cir. 1993) ("Under the rules governing the Colorado River doctrine, the existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a stay.") But even if the Court considered the non-dispositive factors relevant to the *Colorado River* calculus, the result is the same: the ordinary circumstances of this case do not justify the extraordinary remedy of a stay. *See infra,* Section III.C.

## II.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

On January 15, 2016, Plaintiff Keith Komarnicki ("Plaintiff") submitted a letter to the California Labor and Workforce Development Agency, identifying his intention to file a civil

[3] Notably, no other Defendant has joined Linkus's motion.

complaint to commence a lawsuit against Defendant, and providing notice of intent to pursue claims under Labor Code section 2699(a) and (f) ("LWDA Letter"), which he also served on Defendants' registered agents.  In April 2016, Plaintiff and Defendant executed a tolling agreement, retroactively effective to January 15, 2016, so that the parties could explore early resolution of Plaintiff's class claims.

On September 21, 2016, Plaintiff filed this action against LinkUs Enterprises, LLC, LinkUs Enterprises, Inc., and LinkUs CA (collectively, "LinkUs"), Dish Network Service Corporation and Dish Network California Service Corporation (collectively, "Dish Network"), and Does 1-50.[4] Plaintiff brought claims on behalf of himself as well as other similarly situated individuals who worked for LinkUs and Dish Network as hourly, non-exempt DISH Satellite TV Technicians/Installers ("Technicians") in California, alleging that LinkUs and Dish Network operated as joint employers and engaged in policies and practices of: (1) failing to authorize and permit Plaintiff and proposed Class members to take the meal and rest breaks to which they are entitled under California law; (2) failing to compensate Plaintiff and proposed Class members for all hours worked; (3) failing to pay Plaintiff and proposed Class Members the minimum wage; (4) failing to properly calculate overtime and double time compensation; (5) failing to provide Plaintiff and proposed Class members accurate itemized wage statements; and (6) failing to timely pay Plaintiff and proposed Class members all wages due upon termination or resignation.  Plaintiff provided several sources of legal authority for these allegations, which are outlined in more detail below, relying on various provisions of the California Labor Code, the Industrial Welfare Commission ("IWC") Wage Order, and the PAGA.

At the same time, another lawsuit was pending against Defendant in Humboldt Superior Court.  This case had been filed in April 2, 2015 by Thomas Hilderbrand, an employee of

[4] On March 17, 2017, Plaintiff filed a motion to amend his complaint, in part, to correct and clarify the defendant employer entities.  Doc. 32.  Specifically, Plaintiff wishes to replace Dish Network Service Corporation with DISH Network L.L.C., and to reflect the dismissal without prejudice of certain entities that were previously named in the Complaint. Doc. 32, 1: 23 – 2: 2.

1    Defendant, who alleged that the company had failed to comply with several of California's wage

2    and hour protections.  Hilderbrand does not allege any claims under the PAGA.

3         Hilderbrand sought to represent a class composed of all persons who are employed or have

4    been employed by Defendant as satellite technicians, truck drivers, industrial truck workers, drivers,

5    and/or in any similar position.  Hilderbrand did not name Dish Network as a Defendant in his action

6    and made no allegations of a joint employment relationship.  The *Hilderbrand* case is still pending

7    in Humboldt Superior Court and, after two years of litigation, it appears that the parties are still

8    engaging in discovery.  *See* Macias Decl. ¶ 4.  Hilderbrand filed a First Amended Complaint on

9    September 1, 2016, which included two additional claims against LinkUs.  Meanwhile, the class

10   proposed by Hilderbrand has yet to be certified and it is not clear when that issue will be decided.

11   **III.   ARGUMENT**

12        **A.     Legal Standard for *Colorado River* Abstention.**

13        Federal courts have a "virtually unflagging obligation" to exercise their jurisdiction.  *Moses*

14   *H. Cone Mem'l Hospital v. Mercury Constr. Corp.,* 460 U.S. 1, 19 (1983).  "Generally, as between

15   state and federal courts, the rule is that the pendency of an action in the state court is no bar to

16   proceedings concerning the same matter in the Federal court having jurisdiction."  *Colorado River*,

17   424 U.S. at 817 (internal quotation marks omitted).  The *Colorado River* doctrine represents a

18   "narrow exception" to this general rule in which "considerations of wise judicial administration . . .

19   nonetheless justify a decision to stay or dismiss federal proceedings pending resolution of

20   concurrent state court proceedings."  *Smith v. Cent. Ariz. Water Conservation Dist.*, 418 F.3d 1028,

21   1033 (9th Cir. 2005) (internal quotation marks omitted).

22        The Supreme Court has "clarified that to fit into this narrow doctrine, 'exceptional

23   circumstances' must be present."  *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002) (quoting

24   *Moses H. Cone Mem'l Hosp.*, 450 U.S. at 15–16).  The Ninth Circuit has elaborated that "[s]uch

25   circumstances are . . . exceedingly rare," "exceptional," and that "only the clearest of justifications"

26   support abstention.  *R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 977–78 (9th Cir. 2011) (citing

27   *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 912 (9th Cir. 1993)).  Overall, the balance

is "heavily weighted in favor of the exercise of jurisdiction."  *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 16. Under Ninth Circuit law, "**even when a concurrent state proceeding might address issues relevant to a federal action, the rule is that the federal proceeding should go forward.**" *United States v. Rubenstein,* 971 F.2d 288, 293–94 (9th Cir.1992) (emphasis added). "Abstention is the exception." *Id.*

### 1. *Colorado River* Factors.

The first step in the *Colorado River* analysis is whether the state court judgment will resolve all of the issues before the federal court.  *See*, *e.g.*, *Holder v. Holder,* 305 F.3d 854, 868 (9th Cir.2002) ("Because there is substantial doubt that a final determination in the custody proceeding will resolve all of the issues in Jeremiah's federal Hague Convention petition, we conclude that the district court abused its discretion in staying proceedings"); *Intel*, 12 F.3d at 913.  This inquiry is a preliminary consideration that must be satisfied before any other factors can be considered.  *See R.R. St. & Co.,* 656 F.3d at fn. 9; *Holder,* 305 F.3d at 870;  *see also, Tan v. GrubHub, Inc.,* 171 F.Supp.3d 998, 1015 (N.D. Cal. 2016) ("Any such doubt as to resolution of the federal action compels the court to deny a *Colorado River* stay without consideration of the other factors") (citing *Intel*, 12 F.3d at 913 n. 7).

"Under the rules governing the *Colorado River* doctrine, the existence of a substantial doubt as to whether the state proceedings will resolve the federal action precludes the granting of a stay." *Intel*, 12 F.3d at 913.  Courts must engage in this first consideration because "a district court may enter a *Colorado River* stay order only if it has 'full confidence' that the parallel state proceeding will end the litigation."  *Id.* (quoting *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 277 (1988)).  "'*If there is any substantial doubt as to this,* it would be a serious abuse of discretion to grant the stay or dismissal at all.'"  *Id.* (quoting *Moses H. Cone Mem'l Hosp.l,* 460 U.S. at 28, emphasis added by *Intel*).

If, and only if, the Court is satisfied that the state court judgment will resolve all of the issues before the federal court, the Ninth Circuit allows district courts to consider several additional non-dispositive factors:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; [and] (7) the desire to avoid forum shopping…

*LBUBS 2004-C6 Stockdale Office*, 2013 WL 1966566 at *3 (citing *R.R. St.*, 656 F.3d at 978–79). "These factors are to be applied in a pragmatic and flexible way, as part of a balancing process rather than as a mechanical checklist." *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.,* 843 F.2d 1253, 1257 (9th Cir. 1988). Overall, however, the analysis is weighted towards retention of jurisdiction, as "[a]ny doubt as to whether a factor exists should be resolved against a stay." *Travelers Indem. Co. v. Madonna,* 914 F.2d 1364, 1369 (9th Cir. 1990).

**B.      Because *Hilderbrand* Will Not be Dispositive of this Case, Defendant's Motion Must be Denied.**

**1.      Plaintiff's PAGA Claims Prevent *Hilderbrand* from Having a Dispositive Effect on the Claims and Issues in this Case.**

The presence of Plaintiff's PAGA claim, alone, requires denial of Defendant's motion. This is because Plaintiff's PAGA claim implicates distinct parties, legal rights, property interests, claims, and remedies that are not present in the *Hilderbrand* proceeding.

The PAGA allows an aggrieved employee to bring a lawsuit seeking civil penalties arising out of violations of the California Labor Code that could otherwise only be assessed and collected by California's Labor and Workforce Development Agency. Cal. Lab.Code § 2699(a). The aggrieved employee may bring the action only after giving written notice to both the employer and the Labor and Workforce Development Agency, *see* Cal. Lab. Code, § 2699.3, subd. (a)(1)), and 75 percent of any civil penalties recovered is generally distributed to the Labor and Workforce Development Agency. *Id*. at § 2699, subd. (i).

In essence, the PAGA "deputizes" employees by allowing them to pursue the same civil monetary penalties that, absent the PAGA, would only be available to state law enforcement agents. *See Franco v. Athens Disposal Co., Inc.*, 171 Cal.App.4th 1277, 1300 (2009). A PAGA claim does not concern the vindication of individual rights; it "is fundamentally a law enforcement action that substitutes for an action brought by the government itself." *Iskanian, supra,* 59 Cal.4th at 394 (A PAGA action to recover civil penalties "is fundamentally a law enforcement action designed to protect the public and not to benefit private parties….") "An employee plaintiff suing ... under the [PAGA] does so as the proxy or agent of the state's labor law enforcement agencies." *Id.* at 381, quoting *Arias v. Superior Court,* 46 Cal. 4th 969, 985 (2009). "In a lawsuit brought under the act, the employee plaintiff represents the same legal right and interest as state labor law enforcement agencies—namely, recovery of civil penalties that otherwise would have been assessed and collected by the Labor Workforce Development Agency." *Id.*  "A PAGA representative action is therefore a type of *qui tam* action." *Id.*

Because an aggrieved employee's action under the PAGA functions as a substitute for an action brought by the government itself, a judgment in that action binds the State of California, as well as nonparty aggrieved employees. *Arias,* 46 Cal. 4th at 986. "Simply put, a PAGA claim … is not a dispute between an employer and an employee…. It is a dispute between an employer and the state, which alleges directly or through its agents-either the [state Labor and Workforce Development] Agency or aggrieved employees-that the employer has violated the Labor Code." *Iskanian, supra,* 59 Cal. 4th at 386-87.

The PAGA claims in this case are not, as Defendant suggests, merely "derivative" of claims pending in *Hilderbrand.*  These PAGA claims – aside from the fact that they simply are not at issue in *Hilderbrand* – implicate fundamental party and property-right distinctions. Unlike *Hilderbrand,* the State of California is a real party in interest here.  Here, and unlike *Hilderbrand,* the State of

California has a concrete property rights at stake. Thus, it is hardly surprising that federal district courts in the Ninth Circuit routinely refuse to stay proceedings that assert PAGA claims, even when identical PAGA claims were asserted in a parallel proceeding. *See, e.g.,  O'Connor v. Uber Techs., Inc.*, No. 13–cv–03826–EMC et al., 2016 WL 520056 at *3 (N.D. Cal. Feb. 4, 2016) (The court declined to stay or dismiss the plaintiff's PAGA claim due to earlier-filed, duplicative PAGA claims brought in other actions); *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998, 1013 (N.D. Cal. 2016) (same).

The Northern District of California's decision in *GrubHub, Inc.,* is instructive. There, the question was whether *Colorado River* abstention was warranted where a federal putative class action asserted both California Labor Code and PAGA claims and an earlier-filed, parallel state action asserted only PAGA claims, predicated on the same nucleus of operative facts. *Id.* at 1015. Notably, even the defendants in *GrubHub, Inc.,* conceded that the entire case could not be stayed pursuant to *Colorado River*, requesting only that the Court stay the identical PAGA claims. *Id.* The *GrubHub, Inc.* Court refused to stay any aspect of the case, explaining that "there would be no wasted effort here if the PAGA claims were to remain part of the case, since they are premised on the same facts as the underlying Labor Code violations, which cannot be stayed." *Id.* at 1016.  The same outcome is warranted here. No matter what happens in *Hilderbrand,* claims belonging to the State of California must still separately be litigated.

## 2.   This Case and *Hilderbrand* have Distinct Plaintiffs and Defendants, Which Prevents *Hilderbrand* From Having a Dispositive Effect in this Case.

The *Hilderbrand* proceeding cannot fully resolve this federal action due to the differences in the defendants named and the claims asserted in the instant case.  Here, there is no dispute that this case and *Hilderbrand* involve different plaintiffs, different defendants (save for one), different claims, and different legal theories. Courts in this Circuit frequently refuse to stay cases pursuant to *Colorado River* where the federal case involved separate defendants or distinct legal theories from a

parallel state court proceeding, even when this state court action was based on similar facts and involved similar parties. *See, e.g.*, *Allision v. Dolich*, No. 3:14-CV-1005 (AC), 2015 WL 3447948, at *4 (D. Or. May 29, 2015); *Weitz Co. LLC v. RCI Sys. Inc.*, No. 13-CV-02293 (PHX) (DGC), 2014 WL 3720543, at *5 (D. Ariz. July 28, 2014) (court denied stay because "Plaintiff's claims against RCI are not asserted in the state case, and two other defendants named in this case have not been sued there" and consequently the "state case . . . will not resolve the issues presented here, and substantial doubt as to whether the state proceedings will resolve the federal action precludes a *Colorado River* stay or dismissal").

The fact that the state action's proposed class has yet to be approved raises further questions as to whether the state court proceedings will resolve the federal action, for the Plaintiff in this case will not be included as a party to the *Hilderbrand* action if class certification is denied. The Ninth Circuit has recognized that existence of pending "contingencies" as to the outcome of further motion practice at the state level, which would resolve or leave open claims in the federal action, "raises the substantial doubt sufficient to preclude a *Colorado River* stay." *Intel*, 12 F.3d at 913, 913 n.5. Specifically, <u>uncertainty as to whether a proposed class in a state court action will be</u> <u>certified has been found to be a dispositive factor against approving a *Colorado River* stay when</u> <u>there is no overlap in the named plaintiffs in the federal and state cases.</u> *McElmurry v. US Bank Nat'l. Ass'n.*, No. 04-CV-642 (HU), 2004 WL 1675925, at *7 (D. Or. July 27, 2004). "[U]nless [the state court case] is certified as a class action, a judgment in [it] will not resolve the claims brought by [the plaintiff] in the instant case." *Id.*

Here, Plaintiff has named additional defendants, and relies on a distinct joint employer legal theory, neither of which are included in the state case. Specifically, Plaintiff contends that Defendant and Dish Network jointly exercise control over Plaintiff and the proposed Class members. In support of this, Plaintiff alleges that Defendants employ Technicians to perform satellite installation services exclusively on behalf of Dish Network throughout California and that Dish Network exerts control over Technicians with respect to: work assignments to service Dish Network customers; wearing uniform shirts with Dish Network logos; displaying Dish Network

signage on their vehicles; and requiring Technicians to sell Dish Network services during visits to customers.  No matter what happens in *Hilderbrand*, it will not, and cannot, dispose of Plaintiff's claims against Dish Network.

### C.      All Non-Dispositive *Colorado River* Factors Are Neutral or Weigh Against a Stay

Because *Hilderbrand*  will not resolve many of the issues in this case, *Colorado River* abstention cannot apply.  But even if the Court consideres non-dispositive factors to assess whether a stay is appropriate, these factors do not evince the kind of "exceptional circumstances necessary to overcome the heavy balance in favor of exercising jurisdiction."  *Torres v. Carescope, LLC*, No. 2:15-CV-00198 (TLN) (CKD), 2016 WL 2743479, at *4 (E.D. Cal. May 11, 2016).  In *Torres*, the Court was clear that, even when several non-dispositive factors weigh in favor of granting a stay, the presence of a single factor that leans towards retaining jurisdiction, coupled with the "federal courts 'unflagging obligation' to exercise jurisdiction[,] push the scales against abstention."  *Id.* This case is not suited to application of a stay, as all non-dispositive factors are neutral or weigh against a stay.

The first and second factors, jurisdiction over property and convenience of the forum, are neutral, and Defendant does not argue otherwise.  *See Nakash,* 882 F.2d at 1415, 1415 n. 6.

As for the third factor, there is no special concern regarding piecemeal litigation applicable to this case.  "'[P]iecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results.'" *R.R. St.,* 656 F.3d at 979 (quoting *Am. Int'l Underwriters,* 843 F.2d at 1258).  Significantly, "[t]he mere possibility of piecemeal litigation does not constitute an exceptional circumstance. . . . Instead, the case must raise a special concern about piecemeal litigation, which can be remedied by staying or dismissing the federal proceeding."  *Id.*; *Travelers*, 914 F.2d at 1369 (noting that "correct evaluation of this factor involves considering whether exceptional circumstances exist which justify special concern about piecemeal litigation" and finding "no such circumstances . . . [because] no federal legislation

1   evincing a federal policy to avoid piecemeal litigation is applicable"); *see also Sandoval v. M1 Auto*

2   *Collisions Centers*, 309 F.R.D. 549, 557 (N.D. Cal. 2015); *Weitz*, 2014 WL 3720543, at *3.

3         The type of piecemeal litigation that could justify a stay is not of the sort at issue here. In

4   *Colorado River*, the Supreme Court found that applicable federal legislation regarding water rights

5   evinced "clear federal policy . . . [of] avoidance of piecemeal adjudication of water rights in a river

6   system" that stemmed from "concern . . . with avoiding the generation of additional litigation

7   through permitting inconsistent dispositions of property . . . [for] actions seeking the allocation of

8   water essentially involve the disposition of property and are best conducted in unified proceedings."

9   424 U.S. at 819.  There is no such specific policy concern here.  To the contrary, this case involves

10  ordinary employment and labor law issues, which are the appropriate and regular subject of a

11  federal court's obligation to exercise its jurisdiction.  *Tucker v. Casual Male Retail Grp., Inc.*, No.

12  04-CV-1841, 2004 WL 1924150, at *2 (N.D. Cal. Aug. 30, 2004); *see also Travelers*, 914 F.2d at

13  1369 ("This case involves ordinary contract and tort issues and is thus unlike *Colorado River* where

14  important real property rights were at stake and where there was a substantial danger of inconsistent

15  judgments.").  Indeed, as a practical matter, because Plaintiff's PAGA claims cannot be stayed and

16  are predicated on Labor Code claims that must be litigated to reach the merits of the PAGA claims,

17  there is *no* risk of piecemeal litigation.

18        The fourth factor, the order in which concurrent forums obtained jurisdiction, "is to be

19  applied in a pragmatic, flexible manner with a view to the realities of the case at hand." *Moses H.*

20  *Cone Mem'l Hosp.*, 460 U.S. at 21.  "[P]riority should not be measured exclusively by which

21  complaint was filed first, but rather in terms of how much progress has been made in the two

22  actions."  *Id*.  Therefore, although the *Hilderbrand* complaint was filed in April 2015 and this

23  federal action was filed in September 2016, this alone is not determinative.  Despite the earlier

24  filing of the state action, the discovery process in *Hilderbrand* has progressed slowly and the parties

25  still appear to be working through discovery disputes.  Of particular note, the *Hilderbrand* class has

26  yet to be certified, and it is not clear when that issue will be decided.  The instant case has a

27  comparatively ambitious schedule, with the class certification motion to be heard no later than

November 7, 2017, just over one year after the case was filed.  *See* Scheduling Order, *Kormarnicki v. Linkus Enterprises LLC et al.*, 16-cv-1602 (DAD) (SKO), Dkt. No. 31 (Mar. 9, 2017).

As to the fifth factor, the source of law, state law provides the rules of decision for all claims in the federal case.  However, while "the presence of federal-law issues must always be a major consideration weighing against surrender of jurisdiction, the presence of state-law issues may weigh in favor of that surrender only in some rare circumstances."  *R.R. St.,* 656 F.3d at 980 (citing *Travelers,* 914 F.2d at 1370); *see also Moses H. Cone Mem'l Hosp.*, 460 U.S. 26.  Where the federal action invokes state law claims that are routinely-litigated in federal courts, there is no such rare circumstance.  *See*, *e.g.*, *Hanover Ins. Co. v. Poway Acad. of Hair Design, Inc.*, 174 F.Supp.3d 1231, 1237 (S.D. Cal. 2016) ("Here, because the basis of the Court's jurisdiction rests in diversity, California state law provides the rule of decision.  However, the case does not rest on unsettled matters of California law, but instead routine issues of state law involving contract interpretation. . . . This factor also weighs against granting a stay"); *Weitz*, 2014 WL 3720543, at *3 ("This is not such a rare circumstance. . . . The state law claims at issue here are common tort and contract claims that federal courts, sitting in diversity, are well equipped to adjudicate").  Here, Plaintiff has alleged standard wage and hour claims that are routinely before the federal courts.  This factor consequently weighs against the surrender of federal jurisdiction or, at worst, is neutral.

On the sixth factor, "[a] district court may not stay or dismiss the federal proceeding if the state proceeding cannot adequately protect the rights of the federal litigants."  *R.R. St.*, 656 F.3d at 981.  The Ninth Circuit has noted, however, that "this factor 'is more important when it weighs in favor of federal jurisdiction.'"  *Id.* (quoting *Travelers*, 914 F.2d at 1370).  A finding that the state court can adequately address the rights and remedies at issue "is not enough to justify the district court's deference to the state action."  *Travelers*, 914 F.2d at 1370 (internal quotation marks omitted).  Thus, although the state court may adequately determine the wage and hours claims in this case, "this factor is of little or no weight here."  *Id.*

The seventh factor, the desire to avoid forum shopping, weighs against a stay.  Indeed, Plaintiff originally filed this case in California Superior Court, and it was Defendant who

subsequently removed this case to federal district court. Defendant could have moved to coordinate or consolidate these parallel state class actions, which would have permitted the class and PAGA claims to proceed against *all* the defendants.  But instead, Defendant chose to remove this proceeding to the one forum it believed could halt Plaintiff's PAGA claims, as well as Plaintiff's claims against the many defendants present in this case.  But Defendant cannot have it both ways. Defendant chose to litigate these claims in federal district court, and it must now live with that decision.

In sum, all of the non-dispositive *Colorado River* factors are neutral or weigh against a stay and thus fall far short of the "'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of [federal] jurisdiction." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 25–26 (emphasis in original).

## IV.   CONCLUSION

Staying the present action would be inappropriate given the federal courts' obligation to exercise their jurisdiction and the lack of any showing of the kind of rare and exceptional circumstances that have been found to warrant abstention.  Plaintiff therefore respectfully requests that the Court deny Defendant's motion to stay this action.


Respectfully submitted,

Dated:  April 4, 2017

SCHNEIDER WALLACE
COTTRELL KONECKY WOTKYNS LLP

By:   /s/ *Carolyn Hunt Cottrell*
Carolyn Hunt Cottrell
Attorney for Plaintiff and the proposed Class

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of the Court for the United States District Court, Eastern District of California, by using the Court's CM/ECF system on April 4, 2017.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the Court's CM/ECF system.


Date: April 4, 2017                      Respectfully Submitted,


                                         /s/ *Carolyn Hunt Cottrell*
                                         Carolyn Hunt Cottrell (SBN 166977)
                                         SCHNEIDER WALLACE
                                         COTTRELL KONECKY WOTKYNS LLP
                                         2000 Powell Street, Suite 1400
                                         Emeryville, California 94608
                                         Telephone: (415) 421-7100
                                         Facsimile:  (415) 421-7105
                                         ccottrell@schneiderwallace.com

                                         Attorneys for Plaintiff and the proposed Class