UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH KOMARNICKI, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>LINKUS ENTERPRISES, LLC; DISH NETWORK SERVICE CO.; DISH NETWORK CALIFORNIA SERVICE CO.; and DOES 1–50, inclusive,<br><br>Defendants. | No. 1:16-cv-01602-DAD-SKO<br><br>ORDER DENYING STAY<br><br>(Doc. Nos. 32, 33, 36) |

Plaintiff Keith Komarnicki filed this putative class action in the Fresno County Superior Court on September 21, 2016. (Doc. No. 1 at 11.) The complaint asserts claims under California law for: (1) failure to authorize and permit and/or make available meal and rest periods; (2) failure to pay for all hours worked; (3) failure to pay minimum wage; (4) failure to pay overtime wages; (5) failure to provide accurate wage statements; (6) waiting time penalties; (7) unfair competition; (8) penalties pursuant to § 2699(a) of the California Private Attorneys General Act ("PAGA"); and (9) penalties pursuant to § 2699(e) of PAGA. (*Id*.) On October 21, 2016, defendant LinkUs Enterprises, LLC ("LinkUs") removed the action to this federal court pursuant to 28 U.S.C. §§ 1332, 1453, 1441(b), and 1446. (Doc. No. 1.)

/////

1

On March 17 and 20, 2017, plaintiff filed a motion for leave to amend and, thereafter, an amended motion for leave to amend. (Doc. Nos. 32 and 36.) No opposition to that motion was filed and on April 11, 2017, plaintiff filed a reply noting defendants' non-opposition to his motion to amend. (Doc. No. 39.)[1] On March 20, 2017, defendant LinkUs filed a motion to stay this action. (Doc. No. 33.) Plaintiff filed an opposition to the motion to stay on April 4, 2017 and defendant LinkUs filed a reply on April 11, 2017. (Doc. Nos. 37 and 40.)

Plaintiff's motion to amend and defendants' motion to stay came before the court for hearing on April 18, 2017. Attorney Joseph Macias appeared telephonically on behalf of defendant LinkUs, attorney Jose Macias, Jr. appeared telephonically on behalf of defendant Dish Network and attorneys Sarah Schalman-Bergen and David Leimbach appeared telephonically on behalf of plaintiff. Plaintiff's motion for leave to file a first amended complaint (Doc. No. 36) was granted from the bench.[2] (Doc. No. 45.) The motion to stay filed by defendant LinkUs (Doc. No. 33) was taken under submission following oral argument. For the reasons set forth below, the motion for a stay will be denied.

**Motion to Stay Action**

*A. Background*

On April 2, 2015, a putative class action, *Hilderbrand v. LinkUs Enterprise, LLC.,* Civil Action No. DR-150155 ("*Hilderbrand*"), was filed in the Humboldt County Superior Court. (Doc. No. 34 at 5.) On May 27, 2015, LinkUs filed an answer to the complaint in that state court action and thereafter the parties have apparently engaged in class-related discovery including the

---

[1] At the hearing on the pending motion to stay, attorneys Joseph Macias and Jose Macias, Jr. confirmed that neither defendant opposed plaintiff's motion seeking leave to amend.

[2] Plaintiff timely filed the motion, lodged a proposed first amended complaint on March 17, 2017 and filed an amended motion on March 20, 2017. (Doc. Nos. 32, 36.) The proposed first amended complaint clarified and corrected the allegations both in substance and with respect to the parties named but did not expand or modify the substantive causes of action asserted. (Doc. No. 36 at 2.) Upon determining a lack of bad faith on part of plaintiff or any prejudice to defendants (*see Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006)), the court granted plaintiff's motion to amend on April 18, 2017. (Doc. No. 45.) On April 19, 2017, plaintiff filed his first amended complaint, which now serves as the operative pleading in this action. (Doc. No. 46.)

taking of multiple depositions, the propounding of numerous sets of requests for production of documents, interrogatories, and have engaged in related meet and confer efforts. (*Id*. at 2.) On September 1, 2016, the plaintiff in the state court action filed a first amended complaint. (*Id*. at 36.) That amended complaint brought claims under California law against a single defendant, LinkUs, for: (1) failure to pay compensation for all time worked; (2) failure to provide meal periods; (3) failure to authorize and permit rest breaks; (4) knowing and intentional failure to comply with itemized employee wage statements; (5) failure to pay timely wages due at termination/waiting time penalties; (6) unfair competition; (7) failure to reimburse for business expenses; and (8) failure to pay overtime. (*Id*.) The amended complaint in the state court actions defines the proposed class as follows:

> All persons who are employed or have been employed by Defendants in the State of California as satellite technicians, truck drivers, industrial truck workers, drivers and/or in any similar position within four (4) years of the filing of the Complaint and who have not been compensated for all time worked.

(*Id*. at 44.) However, the class has not yet been certified in the *Hilderbrand* case. (*Id*. at 2.)[3]

Subsequently, on September 21, 2016, plaintiff Keith Komarnicki filed the present putative class action in the Fresno County Superior Court. (Doc. No. 1 at 11.) In his complaint plaintiff Komarnicki alleges many of the same state law claims that have been asserted in *Hilderbrand*. (*Id*.) However, plaintiff Komarnicki also asserts a PAGA claim, a claim that is absent from the complaint in *Hilderbrand*. (*Id*. at 34-38.) Moreover, unlike *Hilderbrand*, here plaintiff Komarnicki has brought his claims against a number of entities under a joint employer liability theory. (*Id*. at 13-15.) Specifically, in this action plaintiff has named LinkUs, Dish Network Service Corporation and Dish Network California Service Corporation as defendants. Finally, in this case plaintiff Komarnicki defines the proposed class as:

> All current and former hourly non-exempt Technicians, employed by Defendants in California during the time period four years prior to February 25, 2016 until resolution of this action.

---

[3] This was the case on April 18, 2017, when the pending motion for a stay came on for hearing. The court assumes that it remains the case at this time, having not been informed otherwise by the parties.

3

(*Id*. at 20.)  As noted above, this action was removed by defendants to this federal court on October 21, 2016.  No discovery has yet been conducted by the parties in this case.  (Doc. No. 34 at 2.)

Defendant LinkUs moves to stay this action pursuant to the decision in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), arguing that the claims presented here are duplicative or substantially similar to those presented in the *Hilderbrand* action pending in state court and are brought on behalf of the same, or substantially the same, putative class.  (Doc. No. 33 at 2.)  Defendant LinkUs also argues that staying proceedings in this case pending the state court's disposition of *Hilderbrand* would be in the interest of judicial economy because the *Hilderbrand* case was filed sixteen months before this action and is significantly further along in the course of the proceedings.  (*Id*.)  In opposition, plaintiff argues that the decision in *Colorado River* requires that the state court proceedings resolve the federal action and that the *Hilderbrand* case is incapable of resolving all the claims and issues presented by him here.  (Doc. No. 37 at 2–3.)  In support of this argument plaintiff points to the PAGA claims he has brought as well as his naming of multiple defendants under a joint employer theory of liability.  (*Id*.)

  *B.  Legal Standards*

Given that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," staying proceedings due to the existence of a similar state court action is appropriate "'only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest.'"  *Colorado River*, 424 U.S. at 817–18 (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188–89 (1959)); *see also Smith v. Cent. Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1033 (9th Cir. 2005 (Circumstances warranting a stay under the *Colorado River* doctrine are "exceedingly rare."); *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002) ("the *Colorado River* doctrine is a narrow exception").  "Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the [f]ederal court having jurisdiction . . . .'"  *Colorado River*, 424 U.S. at 817 (quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)); *see also Seneca Ins. Co. v. Strange Land Inc.*, 862 F.3d 835, ___, 2017

WL 2855082, at *3 (9th Cir. July 5, 2017).

Nonetheless, "[f]ederal courts are authorized to dismiss or stay an action 'due to the presence of a concurrent state proceeding for reasons of wise judicial administration.'" *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983) (quoting *Colorado River*, 424 U.S. at 818). In considering whether to do so, the court's "task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' . . . to justify the *surrender* of [federal] jurisdiction." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 25–26 (emphasis in original); *see also Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 912 (9th Cir. 1993) ("Only exceptional circumstances justify such a stay, and whether these circumstances exist is determined by weighing a complex of factors."). Accordingly, the court is to consider the following factors[4] in deciding whether to grant such a stay:

> (1) whether either court has assumed jurisdiction over property; (2) inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings are inadequate to protect the federal litigant's rights; and (7) whether exercising jurisdiction would promote forum shopping.

*Holder*, 305 F.3d at 870 (citing *Moses H. Cone*, 460 U.S. at 15–16, 23, 26; *Colorado River*, 424 U.S. at 818–19); *see also R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 973 (9th Cir. 2011) (adding as an eighth factor whether the state court proceedings will resolve all the issues before the federal court); *Seneca Ins. Co.*, 2017 WL 2855082, at *3 (same). Nonetheless, "the decision whether to [stay] a federal action because of parallel state-court litigation does not rest on a

---

[4] As a preliminary matter, in determining whether to stay proceedings under the *Colorado River* doctrine courts also consider the degree to which the state and federal actions are "'substantially similar.'" *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1368, 1372 (9th Cir. 1990) (quoting *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989) (finding that "[i]t is enough if the two proceedings [be] 'substantially similar'" and that "exact parallelism . . . is not required")). Thus, it has been concluded that "application of the *Colorado River* doctrine does not require an exact duplication of the parties involved or the claims asserted." *AGCS Marine Ins. Co. v. Am. Truck & Trailer Body Co.*, No. 2:12-cv-01044-KJM-JFM, 2013 WL 211196, at *5 (E.D. Cal. Jan. 9, 2013) (quoting *Sabbag v. Cinnamon*, No. 5:10-cv-02735-JF-HRL, 2010 WL 8470477, at *5 (N.D. Cal. Dec. 10, 2010)).

mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone*, 460 U.S. at 16; *see also Seneca Ins. Co.*, 2017 WL 2855082, at *3; *Intel Corp.*, 12 F.3d at 912.

As noted above, "[i]n this Circuit, the narrow *Colorado River* doctrine requires that the pending state court proceeding resolve all issues in the federal suit." *Holder*, 305 F.3d at 859; *see also Seneca Ins. Co.*, 2017 WL 2855082, at *3. Indeed, if "there exists a substantial doubt as to whether the state court proceeding will resolve all of the disputed issues in [the federal] case, it is unnecessary for [the court] to weigh the other factors included in the *Colorado River* analysis." *Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F.3d 908, 913 n.7 (9th Cir. 1993). In this regard, the Ninth Circuit has explained:

> Under the rules governing the *Colorado River* doctrine, the existence of a substantial doubt as to whether the state proceeding will resolve the federal action precludes the granting of a stay. . . . "When a district court decides to . . . stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all. . . . Thus, the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses."

*Id.* at 913; *see also Smith v. Central Ariz. Water Conservation Dist.*, 418 F.3d 1028, 1033 (9th Cir. 2005). On the other hand, courts should be "particularly reluctant to find that the actions are not parallel when the federal action is but a 'spin-off' of more comprehensive state litigation." *Nakash v. Marciano*, 882 F.2d 1411, 1417 (9th Cir. 1989).

*C. Analysis*

Here, the court finds there to be substantial doubt as to whether the state proceeding will resolve all the issues presented in this federal action. First, the proceeding in *Hilderbrand* does not include any claims for penalties under PAGA. Defendant LinkUs argues that the PAGA claims before this court are completely derivative of the California Labor Code claims in *Hilderbrand*. (Doc. No. 40 at 4) (quoting *Weints v. Taco Bell Corp.*, No. 1:12-cv-01813-LJO-DLB, 2012 WL 6021367, at *5 (E.D. Cal. Dec. 4, 2012) ("PAGA claims derives from the

California Labor Code claims and without them there is no substantive basis to assert a PAGA claim.") An overview of PAGA, however, is instructive and suggests that the PAGA claims before the court in this action are distinct from any claims pending before the state court in the *Hilderbrand* action.

Under PAGA, an "aggrieved employee" may bring an action for civil penalties for labor code violations on behalf of herself and other current or former employees. Cal. Lab. Code § 2699(a). A plaintiff suing under PAGA "does so as the proxy or agent of the state's labor law enforcement agencies." *Arias v. Superior Court*, 46 Cal. 4th 969, 985-86 (2009) (PAGA does not require plaintiffs to meet state class-certification requirements under California Code of Civil Procedure § 382). A judgment in a PAGA action therefore "binds all those, including nonparty aggrieved employees, who would be bound by a judgment in an action brought by the government." *Id*. (emphasis added); *see also Iskanian v. CLS Transp. Los Angeles, LLC*, 59 Cal. 4th 348, 381 (2014) ("When a government agency is authorized to bring an action on behalf of an individual or in the public interest, and a private person lacks an independent legal right to bring the action, a person who is not a party but who is represented by the agency is bound by the judgment as though the person were a party."); *Arias*, 46 Cal. 4th at 985 ("judgment in [a PAGA] action is binding not only on the named employee plaintiff but also on the government agencies and any aggrieved employee not a party to the proceeding.").

The PAGA statute also imposes a number of limitations on litigants. First, because a PAGA action by an aggrieved employee functions as a "substitute" for one brought by the state government itself, a plaintiff suing under PAGA is limited to recovery of civil penalties only, rather than damages available through direct or class action claims. *Id*. at 986. Second, to bring an action under PAGA, an aggrieved employee must first provide written notice to the LWDA as well as to the employer. Cal. Lab. Code § 2699.3(a)(1); *Arias*, 46 Cal. 4th at 986. Third, any civil penalties recovered must be distributed as follows: 75 percent to the LWDA, and the remaining 25 percent to the aggrieved employees. Cal. Lab. Code § 2699(i); *Arias*, 46 Cal. 4th at 986. Finally, a trial court must "review and approve" any settlement of PAGA claims. Cal. Lab. Code § 2699(l)(2).

Given these remedies as well as procedural limitations accompanying the PAGA claims, this court finds substantial doubt as to whether the state case will resolve all of the issues presented in this federal action. *See Tan v. Grubhub, Inc.*, 171 F. Supp. 3d 998, 1015 (N.D. Cal. 2016) (denying stay when federal action required resolution of labor law violations not addressed in the state action complaint and although the state court could have resolved plaintiff's PAGA claims in their entirety the state action could not resolve all the issues before the federal court); *Sciortino v. Pepsico, Inc.*, 108 F. Supp. 3d 780, 815 (N.D. Cal. 2015) ("Given the fact of the broader remedies sought herein and the fact that certain of Plaintiffs' claims that are not based directly on Proposition 65, the Court concludes that there is substantial doubt that the state proceedings will resolve the federal action; this precludes a *Colorado River* stay.").

Moreover, even putting the PAGA claims aside, the state court action in *Hilderbrand* cannot resolve the joint employer theory of liability against Dish Network Service Corporation and Dish Network California Service Corporation presented by plaintiff in this federal action. That claim of liability involves additional elements of proof and cannot be resolved in the state court action which has been brought only against defendant LinkUs. Specifically,

> [u]nder California law, whether entities are joint employers of an employee depends on a factual inquiry into the "totality of the working relationship of the parties," rather than application of a particular test such as the "interference test" or "economic realities test." Vernon v. State, 116 Cal.App.4th 114, 125 n.7 (2004). Instead, the court considers the nature of the work relationship, "with emphasis upon the extent to which the defendant controls the plaintiff's performance of employment duties." Id. at 124, 126. Courts have found myriad facts to be relevant, including whether the defendant pays the employee's salary and taxes, owns the equipment necessary for the employee to perform his job, has authority to hire, train, fire, or discipline the employee, or has discretion to set the employee's salary. Id. at 125 (collecting cases).

*Ontiveros v. Zamora*, No. 2:08-cv-00567-LKK-DAD, 2009 WL 425962, at *6 (E.D. Cal. Feb. 20, 2009); *see also De La Torre v. American Red Cross*, No. CV 13-04302 DDP (JEMx), 2013 WL 5573101, at *2-3 (C.D. Cal. Oct. 9, 2013). Here, the viability of plaintiff Komarnick's joint employer theory of liability as to defendant Dish Network will clearly not be resolved in the *Hilderbrand* case pending in state court.

Relying upon the decisions in *Daugherty v. Oppenheimer & Co.*, No. 4:06-cv-07725-PJH, 2007 WL 1994187, at *6 (N.D. Cal. July 5, 2007) and *Koval v. Pac. Bell Tel. Co.*, No. 4:12-cv-01627-CW, 2012 WL 3283428, at *4 (N.D. Cal. Aug. 10, 2012), defendant LinkUs argues that the *Colorado River* doctrine authorizes the requested stay even if there would remain unresolved claims in this federal action so long as those remaining claims are related to the overlapping claims. (Doc. No. 33 at 10–12.) In granting a partial stay of the action before it, the court in *Daugherty* stated:

> [C]ontrary to the argument advanced by plaintiff, the court finds that *Colorado River* applies even where a state court action will not resolve all the claims in the federal action. Neither *Holder* nor *Intel* supports plaintiff's argument that the *Colorado River* doctrine may not be used to dismiss or stay only part of an action. *Holder* and *Intel* simply stand for the proposition that a *Colorado River* motion may not be granted where a defendant seeks to stay claims in the federal court action that are unrelated to the state court claims.

2007 WL 1994187 at *6. Similarly, in *Koval* the court found that a federal and state action were substantially similar and granted a stay where:

> Although the federal action cite violations of statutes not included in the state action, both actions assert similar factual allegations, and the "crux" of the cases is the same: whether or not Pacific Bell denied meal and rest period breaks to field personnel within California, resulting in damages of payment for work performed during those periods. *See Gintz v. Jack In The Box, Inc.*, 2006 WL 3422222, at *4 (N.D. Cal.) (Wilken, J.) (finding state and federal cases to be substantially similar in a similar situation). Further, the same parties and attorneys appear in both actions, and the class definitions in both actions are virtually identical. The class periods for both cases overlap substantially.

2012 WL 3283428, at *4.

Defendant LinkUs is correct that "[d]istrict courts in the Ninth Circuit have repeatedly found partial [Colorado River] stays permissible [ ] where some, but not all, of a federal plaintiff's claims are pending in a parallel state action." *ScripsAmerica, Inc. v. Ironridge Global LLC*, 56 F. Supp. 3d 1121, 1146 (C.D. Cal. 2014). However, in light of plaintiff's PAGA claim and joint employer theory of liability against a defendant not named in the state court action in *Hilderbrand*, the undersigned is left with a substantial doubt as to whether the proceedings in *Hilderbrand* will resolve the issues presented in this federal action. *See Seneca Ins. Co.*, 2017

9

WL 2855082, at *3; *Vasquez v. Rackauckas,* 734 F.3d 1025, 1040 (9th Cir. 2015); *Holder*, 305 F.3d at 859; *Intel*, 12 F.3d at 913 ("Under the rules governing the *Colorado River* doctrine, the existence of a substantial doubt as to whether the state proceeding will resolve the federal action precludes the granting of a stay. . . . Thus, the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses.").

Consideration of the other recognized factors also does not weigh in favor of granting the requested stay. Neither this court nor the state court has assumed jurisdiction over property. It is true that jurisdiction was first obtained in state court and that state law provides the rule of decision on the merits. However, there has been no showing that this federal forum is inconvenient for the parties or that the exercising of jurisdiction by this court would promote forum shopping.[5] As noted, because not all the issues in the two actions are the same, there exists a legitimate concern whether the state court proceedings are adequate to protect the rights of the litigants in this action. Finally, while avoiding piecemeal litigation is certainly a desirable goal, there has been no compelling showing that it will not be achieved if this court proceeds in this action.

In short, after considering all of the relevant factors, this court is not persuaded that exceptional circumstances and the clearest of justifications have been established justifying the granting of a stay.

**Conclusion**

For the reasons set forth above:

(1) Defendant LinkUs Enterprises, LLC's motion to stay this action (Doc. No. 33) is denied.

(2) The court confirms that plaintiff's motion and amended motion to amend the complaint (Doc. Nos. 32 and 36) have been granted;

/////

---

[5] Indeed, the court notes that it was defendant LinkUs that removed the action to this federal court. (Doc. No. 1.)

(3) The matter now proceeds on plaintiff's first amended complaint (Doc. No. 46), filed on April 19, 2017, as the operative pleading; and

(4) In light of the stipulation and order filed July 12, 2017, vacating the scheduling order previously filed in this action, the matter is referred back to the assigned magistrate judge for re-scheduling.

IT IS SO ORDERED.

Dated: **August 2, 2017**

*/s/ Dale A. Drozd*
UNITED STATES DISTRICT JUDGE