**S. BRETT SUTTON 143107**
brett@suttonhague.com
**JARED HAGUE 251517**
jared@suttonhague.com
**JUSTIN VECCHIARELLI 298684**
justin@suttonhague.com
**SUTTON HAGUE LAW CORPORATION**
5200 N. Palm Avenue, Suite 203
Fresno, California 93704
Telephone: (559) 325-0500

Attorneys for Defendant
LINKUS ENTERPRISES, LLC

*Additional Counsel on the following page*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH KOMARNICKI, on behalf of himself and all others similarly situated, | ) Case No. 1:16-cv-01602-DAD-SKO |
| Plaintiffs,<br>v. | ) **STIPULATED PROTECTIVE**<br>) **ORDER AND CLAWBACK**<br>) **AGREEMENT ORDER** |
| LINKUS ENTERPRISES, LLC, DISH NETWORK LLC, DISH NETWORK CALIFORNIA SERVICE CORPORATION, and DOES 1-50, inclusive, | ) **(Doc. 58)**<br>)<br>) |
| Defendants. | ) |

STIPULATION TO PROTECTIVE ORDER AND CLAWBACK AGREEMENT

Carolyn Hunt Cottrell (SBN 166977)
David C. Leimbach (SBN 265409)
**SCHNEIDER WALLACE**
**COTTRELL KONECKY**
**WOTKYNS LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100
Fax: (415) 421-7105
ccottrell@schneiderwallace.com
ncoon@schneiderwallace.com

Sarah R. Schalman-Bergen (*pro hac vice*)
Camille Fundora (*pro hac vice*)
**BERGER & MONTAGUE, P.C.**
1622 Locust Street
Philadelphia, Pennsylvania 19103
Tel: (215) 875-3000
Fax: (215) 875-4604

Attorneys for Plaintiff and the proposed Class

MARLENE S. MURACO, Bar No. 154240
NEDA N. DAL CIELO, Bar No. 161982
JOSE MACIAS, JR., Bar No. 265033
**LITTLER MENDELSON, P.C.**
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
Telephone: 408.998.4150
Facsimile: 408.288.5686

Attorneys for Defendants
DISH NETWORK LLC
and DISH NETWORK CALIFORNIA SERVICE
CORPORATION

-1-

STIPULATION TO PROTECTIVE ORDER AND CLAWBACK AGREEMENT

## STIPULATION

Plaintiff Keith Komarnicki and Defendants Linkus Enterprises, LLC, Dish Network, LLC and Dish Network Service Corporation (collectively "Defendants") (Plaintiff and Defendants collectively the "Parties"), acting through their respective counsel of record, hereby stipulate as follows:

To expedite the production of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery material, to adequately protect information the parties are entitled to keep confidential, to ensure that only the materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary use of confidential discovery material in preparation for and in the conduct of this litigation, pursuant to FRCP 26 and Local Rule 141.1, the parties request that the Court enter the following Protective Order and Clawback Agreement in this action:

## PROTECTIVE ORDER AND CLAWBACK AGREEMENT FOR TREATMENT OF CONFIDENTIAL INFORMATION

1.    **INFORMATION SUBJECT TO THIS ORDER**

    a.    Protected Information Generally

        1)    All documents, electronically stored information, tangible things, physical objects, written discovery responses, testimony, or other information produced by the producing party in this litigation is considered "Discovery Material." This Order applies not only to Discovery Material produced in this litigation, but also to any information copied or extracted therefrom or otherwise reflecting Protected Information, in any form. Any Discovery Material containing or including confidential information may be designated as such by the producing party by marking it "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and shall be treated in accordance with the terms of this Order. Each of the identified categories of confidential Discovery Material shall be identified collectively in this Order as "Protected Information."

        2)    All Protected Information not reduced to documentary, electronic, tangible or physical form, or which cannot be conveniently designated as set forth in paragraph I.A.1 or

pursuant to another confidentiality designation set forth in this Order, shall be designated by the producing party by informing the receiving party of the designation in writing.

3)     Any Protected Information that is obtained by any party from any person pursuant to discovery in this litigation shall be used solely for purposes of this litigation.

4)     Nothing in this Order shall limit any producing party's use or disclosure of its own Protected Information.

5)     The following Discovery Material is not Protected Information:

(A)     Any Discovery Material that is or, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such material;

(B)     Any Discovery Material that the receiving party can show was already publicly known prior to the disclosure; and,

(C)     Any Discovery Material that the receiving party can show by written records was received by it from an alternate source that obtained the material lawfully and under no obligation of confidentiality to the producing party.

b.     Protected Information Designated CONFIDENTIAL

1)     For purposes of this Order, Protected Information designated CONFIDENTIAL shall mean all Discovery Material produced for or disclosed in connection with this action to a receiving party that a producing party considers to comprise confidential or commercially sensitive technical, sales, marketing, personal, medical, or financial information of the producing party (including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order in connection with this action), or information that the producing party is under a legal obligation to maintain as confidential.

2)     Protected Information designated CONFIDENTIAL and the contents therein shall be available only to:

(A)     Litigation counsel of record and supporting personnel employed in the law firm(s) of litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, law clerks, project managers and litigation support personnel;

-3-

(B)     The parties and those officers, directors, and employees to whom disclosure is reasonably necessary for this litigation, and supporting personnel employed by the legal department of any party to this litigation;

(C)     Technical Advisors and their necessary support personnel engaged by counsel of record for the parties, subject to the provisions of section III herein, and provided that such individuals have first been given a copy of this Order and have executed the Confidentiality Agreement attached hereto as Attachment A.  The term "Technical Advisor" shall mean independent outside technical expert witnesses, consulting experts, or technical consultants (none of whom are employees) retained by counsel of record for the parties who are deemed reasonably necessary to assist such counsel in connection with this litigation;

(D)     Independent contractors engaged by counsel of record for the parties, to the extent reasonably necessary to assist counsel in connection such counsel in connection with this litigation, including but not limited to (i) legal translators retained to translate in connection with this action; (ii) independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; (iii) graphics or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; (iv) non-technical jury or trial consulting services not including mock jurors; (v) electronic discovery vendors retained to assist with the organization and management of electronic discovery; and (vi) private investigators, provided that such persons or entities have first been given a copy of this Order and either have executed the Confidentiality Agreement attached hereto as Attachment A, and a signed copy has been provided to the producing party, or are contractually bound to adhere to the terms of this Order;

(E)     Any fact witness during the course of a deposition subject to the provisions of section V herein; and

(F)     The Court, its personnel, and any other person (such as a master or mediator) who serves in a judicial or quasi-judicial function, professional stenographic reporters engaged to transcribe testimony (under seal or with other suitable precautions determined by the

-4-

Court), and jurors.

       c.      <u>Protected Information Designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY</u>

          1)     For purposes of this Order, Protected Information designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall mean Protected Information that contains extremely sensitive information. Protected Information designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY includes, but is not limited to: (i) marketing, financial, sales, web traffic, research and development, or technical, data or information; (ii) commercially sensitive competitive information, including, without limitation, information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); (iii) information or data relating to future products not yet commercially released and/or strategic plans; (iv) trade secret, or other confidential research and development information; and, (v) commercial agreements, settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party.

          2)     Protected Information designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY and the contents therein shall be available only to:

               (A)     Litigation counsel of record and supporting personnel employed in the law firm(s) of litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, law clerks, project managers and litigation support personnel to whom it is reasonably necessary to disclose the information;

               (B)     Up to three in-house counsel of any party with responsibility for managing this litigation, who are members of at least one state bar in good standing and supporting personnel employed by the legal department of any party to this litigation;

               (C)     Technical Advisors and their necessary support personnel engaged by counsel of record for the parties, subject to the provisions of section III herein, and provided that such individuals have first been given a copy of this Order and have executed the Confidentiality Agreement attached hereto as Attachment A;

               (D)     Independent contractors engaged by counsel of record for the

parties, to the extent reasonably necessary to assist such counsel in connection with this litigation, including but not limited to (i) legal translators retained to translate in connection with this action; (ii) independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; (iii) graphics or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions; (iv) non-technical jury or trial consulting services not including mock jurors; (v) electronic discovery vendors retained to assist with the organization and management of electronic discovery; and (vi) private investigators, provided that such persons or entities have first been given a copy of this Order and have executed the Confidentiality Agreement attached hereto as Attachment A, and a signed copy has been provided to the producing party, or are contractually bound to adhere to the terms of this Order;

        (E)     Fact witnesses only in accordance with the provisions of section V herein;

        (F)     The Court, its personnel, and any other person (such as a master or mediator) who serves in a judicial or quasi-judicial function, professional stenographic reporters engaged to transcribe testimony (under seal or with other suitable precautions determined by the Court), and jurors;

       3)     In determining whether Protected Information should be designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, each party agrees to use such designation only in good faith.

2.      **USE OF PROTECTED INFORMATION AT HEARING OR TRIAL**

      In the event that a party intends to use any Protected Information during any hearing or trial, that party shall provide a minimum of two (2) business days' notice to the producing party. Subject to challenges under section IV, the parties will not oppose any reasonable request by the producing party that Protected Information be sealed, if allowed by the Court, during the presentation of any testimony, evidence, or argument relating to or involving the use of any Protected Information.

3.   **TECHNICAL ADVISORS**

     a.   <u>Purpose</u>

Protected Information designated by the producing party and such copies of Protected Information as are reasonably necessary for maintaining, defending, or evaluating this litigation may be furnished and disclosed to the receiving party's Technical Advisors and their necessary support personnel.

     b.   <u>No Disclosure Without Protective Order Subscription</u>

No disclosure of Protected Information to a Technical Advisor or their necessary support personnel shall occur until that person has signed the Confidentiality Agreement attached hereto as Attachment A.

4.   **CHALLENGES TO CONFIDENTIALITY DESIGNATIONS**

     a.   <u>Use of Reasonable Care and No Waiver</u>

The parties shall use reasonable care when designating Protected Information. Nothing in this Order shall prevent a receiving party from contending that any Protected Information has been improperly designated. A receiving party may at any time request that the producing party cancel or modify the Protected Information designation with respect to any document or any information contained therein.

     b.   <u>Objections to Confidentiality Designations</u>

A party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that a party objects to the designation of Protected Information, such a challenge shall be in writing, shall be served on counsel for the producing party, and shall particularly identify the Protected Information that the receiving party contends should be differently designated. The parties shall use their best efforts to resolve promptly and informally such disputes and shall advise one another of both the factual and legal basis for their respective positions. If an agreement cannot be reached, the receiving party shall request that the Court cancel or modify a designation. The burden of demonstrating the confidential nature of Protected Information shall at all times be and remain on the designating party.

c.      Treatment of Protected Information During Challenge to a Designation

Unless otherwise resolved by agreement between the parties, until a determination by the Court, the Protected Information at issue shall be treated as having been properly designated and subject to the terms of this Order.

5.      **LIMITATIONS ON THE USE OF PROTECTED INFORMATION**

a.      Restrictions on Use of Protected Information

All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose or in connection with any other legal proceeding, and shall not be disclosed to any person who is not entitled to receive such Protected Information as herein provided. All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such Protected Information.

b.      Examinations and Court Filings Concerning Protected Information

Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior personal knowledge. Without in any way limiting the generality of the foregoing:

1)      A present director, officer, and/or employee of a producing party may be examined and may testify concerning all Protected Information which has been produced by that party and of which the witness has personal knowledge;

2)      A former director, officer, agent and/or employee of a producing party may be interviewed, examined and may testify concerning all Protected Information of which he or she has personal knowledge, including any Protected Information that refers to matters of which the witness has personal knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment; and

3)      Non-parties may be examined or testify concerning any Protected Information of a producing party, which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or

-8-

relationship with the producing party or a representative of the producing party. Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination concerning such Protected Information, unless the producing party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such Protected Information, then prior to the examination, the attorney must provide a signed agreement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the examination. In the event that such attorney declines to sign such a statement prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Information.

4)      Every fact witness shall be informed, prior to being presented with the documents designated as Protected Information in this litigation, that he or she may be shown documents designated as Protected Information in this litigation, and that such Protected Information and the contents therein are being furnished to the witness solely for use in this litigation. Every fact witness shall be shown a copy of this Order. No fact witness may retain any material designated as Protected Information.

5)      All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court that have been designated as Protected Information, or which contain information so designated, shall have only the portions with the information designated as Protected Information be filed under seal in a manner prescribed by the Court for such filings unless the Court orders otherwise. To avoid unnecessary sealing of Court records and motion practice relating to sealed filings, any party preparing a filing with the Court that may contain Protected Information may identify to the producing party or non-party the specific Protected Information at issue and request a waiver of the confidentiality protections for that specific Protected Information. Upon receipt of such a request to waive confidentiality protections, the producing party or non-party shall respond in good faith within

two (2) business days.

6)      Litigation attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved.  No material or copies thereof so filed shall be released, except by order of the Court, to litigation counsel of record, or as otherwise provided for hereunder.

7)      Protected Information shall not be copied or otherwise produced by a receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court.  Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of Protected Information for use in connection with this litigation, and such working copies, abstracts, digests and analyses also shall be deemed Protected Information under the terms of this Order.  Further, nothing herein shall restrict a qualified recipient from converting or translating Protected Information into machine-readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

8)      Testimony given at deposition may be designated as Protected Information by outside litigation counsel of record by making a statement orally to that effect on the record at any time during the deposition.  Within fifteen (15) business days of receipt of the final certified transcript of any deposition, the producing party may request that the original and all copies of the deposition transcript, in whole or in part, be marked with an appropriate confidentiality designation.  Confidentiality designations shall be made by notifying all parties in writing of the specific pages and lines of the transcript that should be treated as Protected Information.  Deposition transcripts shall be treated by default as CONFIDENTIAL until the expiration of the time to make a confidentiality designation unless otherwise agreed to by the parties.  Any portions so designated shall thereafter be treated in accordance with the terms of this Order.  Objections to confidentiality designations under this paragraph shall be governed by the

-10-

1   procedure set forth in section IV above.

2           c.      Unauthorized Disclosure of Protected Information

3           If a receiving party learns that, by inadvertence or otherwise, it has disclosed

4   Protected Information to any person or in any circumstance not authorized under this Order, the

5   receiving party must immediately:  (i) notify in writing the producing party of the unauthorized

6   disclosure(s); (ii) use its best efforts to retrieve all copies of the Protected Information; (c) inform

7   the person or persons to whom unauthorized disclosures were made of all the terms of this Order;

8   and (d) request that such person or persons execute the Confidentiality Agreement attached hereto

9   as Attachment A.   Compliance with this paragraph upon the discovery of an unauthorized

10  disclosure of Protected Information is mandatory and shall not excuse a violation of this Order or

11  exempt a violating party from sanctions pursuant to paragraph D below.

12          d.      Violations

13          If any party violates the limitations on the use of Protected Information as

14  described above, the party violating this Order may be subject to sanctions if ordered by the

15  Court.  In the event motion practice is required to enforce the terms of this Order, the prevailing

16  party on such a motion shall be awarded costs, expenses, and fees, including attorney or other

17  professional fees, incurred in connection with the discovery of the violation and the preparation,

18  filing, and arguing of the motion or any other proceedings resulting from the violation.  Prior to

19  the filing of any motion, the Parties must first meet and confer regarding any purported violation

20  as described above, and give the opposing party at least 5 (five) business days after the meet and

21  confer to correct any potential violation.  However, the requirement to wait 5 (five) days before

22  seeking relief with the Court shall not apply to requests for *ex parte* relief. No party shall be

23  entitled to seek sanctions, costs, expenses, fees (attorney or other professional) incurred in

24  connection with the discovery of the violation and the preparation, filing, and arguing of the

25  motion or any other proceedings resulting from the violation unless the offending party has been

26  afforded at least five (5) business days to cure the violation, and the offending party fails to so

27  cure by the expiration of that time.

28

STIPULATION TO PROTECTIVE ORDER AND CLAWBACK AGREEMENT

6. **NON-PARTY USE OF THIS PROTECTIVE ORDER AND CLAWBACK AGREEMENT**

    a.    <u>Purpose</u>

        A non-party producing Discovery Material voluntarily or pursuant to a subpoena or a court order may designate such Discovery Material as Protected Information pursuant to the terms of this Protective Order and Clawback Agreement.

    b.    <u>Non-Party Access</u>

        A non-party's use of this Protective Order and Clawback Agreement to protect its Protected Information does not entitle that non-party access to the Protected Information produced by any party or non-party in this case.

7. **NO WAIVER OF PRIVILEGE**

        When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court as set forth in Section 9 below (the "Clawback Agreement").

8. **MISCELLANEOUS PROVISIONS**

    a.    <u>Waiver</u>

        Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by the attorney-in-charge for the party against whom such waiver will be effective.

    b.    <u>Inadvertent or Unintentional Production of Protected Information</u>

        Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as one or more categories of Protected

Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment. With respect to documents, the producing party shall immediately upon discovery notify the other parties of the error in writing and provide replacement pages bearing the appropriate confidentiality legend. In the event of any disclosure of Protected Information other than in a manner authorized by this Protective Order and Clawback Agreement, including any unintentional or inadvertent disclosure, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form. Compliance with the foregoing shall not prevent the producing party from seeking further relief from the Court.

      c.    <u>Conclusion of Litigation</u>

      1)    Within sixty (60) business days after the entry of a final non-appealable judgment or order, or the expiration of the deadline for any party to appeal any final judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at the option of the producing party, either return or destroy all physical objects and documents which embody Protected Information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, email, correspondence, memoranda, notes and other work product materials, which contain or refer to any category of Protected Information. All Protected Information not embodied in physical objects and documents shall remain subject to this Order.

      2)    In the event that a party is dismissed before the entry of a final non-appealable judgment or order, this same procedure shall apply to any Protected Information received from or produced to the dismissed party.

      3)    Notwithstanding this provision, litigation counsel of record are not required to delete Protected Information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business. Notwithstanding the foregoing, litigation counsel of record shall be entitled to maintain electronic copies of all pleadings, motions

-13-

and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product, which refers or is related to any Protected Information for archival purposes only.

        4)     If the producing party requests that Protected Information be destroyed, the receiving party must provide a certificate of destruction to the producing party.

    d.    Subpoenas

        If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person to whom the subpoena or other request is directed shall give written notice within three (3) business days thereof to every party or non-party who has produced such documents and to its counsel, and shall provide each such party with an opportunity to object to the production of such documents. If a producing party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order and Clawback Agreement.

    e.    Post-Filing Communications

        No party shall be required to identify on their respective privilege log any communication between the party and its attorneys dated on or after the filing of the lawsuit that specifically concerns this lawsuit, which absent this provision, the party would have been obligated to so identify on said privilege log. The parties shall exchange their respective privilege document logs at a time to be agreed upon by the parties following the production of documents.

    f.    Modification of Protections

        This Order is entered without prejudice to the right of any party, either by agreement with other parties to this action, or by applying to the Court if agreement cannot be reached among parties, to extend additional protection, or to reduce or rescind the restrictions of

-14-

this Order, when convenience or necessity requires. Furthermore, without application to the Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

g.    No Agreement Concerning Discoverability

The identification or agreed upon treatment of certain types of Discovery Material does not reflect agreement by the parties that the disclosure of such categories of Discovery Material is required or appropriate in this action. The parties reserve the right to argue that any particular category of Discovery Material should not be produced.

h.    No Limitation on Legal Representation

Nothing in this Protective Order shall preclude or impede litigation counsel of record's ability to communicate with or advise their client in connection with this litigation based on such counsel's review and evaluation of Protected Information, provided however, that such communications or advice shall not disclose or reveal the substance or content of any Protected Information other than as permitted under this Protective Order.

i.    Agreement Upon Execution

Each of the parties agrees to be bound by the terms of this Protective Order as of the date counsel for such party executes this Protective Order, even if prior to entry of this order by the Court.

j.    Interpretation, Enforcement and Continuing Jurisdiction

The United States District Court, Eastern District of California is responsible for the interpretation and enforcement of this Protective Order. After termination of this litigation, the provisions of this Protective Order shall continue to be binding except with respect to that Discovery Material that becomes a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provision of this Protective Order following termination of this litigation. All disputes concerning Protected Information produced under the protection of this Protective Order shall be resolved by the United States District Court, Eastern District of California.

9.    **CLAWBACK AGREEMENT**

Pursuant to FRE 502(d) and (e), the Parties agree to and the Court orders protection of privileged and otherwise protected documents against claims of waiver (including as against third parties and in other federal and state proceedings) as follows:

(a)    The disclosure or production of documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such document.

(b)    The inadvertent disclosure or production of any document in this action shall not result in the waiver of any privilege, associated with such document as to the Receiving Party or any third parties, and shall not result in any waiver, including subject matter waiver, of any kind.

(c)    If, within thirty (30) days of the date of production of the Documents, the Producing Party determines that any document produced by the Producing Party is subject to a legally recognizable privilege ("Protected Document"):

> i.    the Producing Party shall:  (A) immediately notify the Receiving Party in writing that it has discovered documents believed to be privileged or protected; (B) specifically identify the Protected Documents by Bates number range or hash value, and, (C) within ten (10) days of receiving confirmation by the Producing Party that documents are privileged or protected by the Receiving party, the Producing Party shall request that the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof.  The Parties shall meet and confer as to whether the Documents are in fact Protected Documents.  If the Parties agree that the Documents are in fact Protected Documents, and if the Protected Documents have been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Documents extracted from the database and return, sequester, or destroy

the Protected Documents and any copies, along with any notes, abstracts or compilations of the content thereof. Where such Protected Documents cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review the Producing Party's documents to identify potentially privileged or work product Protected Documents.

    ii.    If the Producing Party intends to assert a claim of privilege over documents identified by the Producing Party as Protected Documents, the Producing Party will inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure 26(b)(5), setting forth the basis for the claim of privilege. If any portion of a Protected Document does not contain privileged information, the Producing Party shall also provide to the Receiving Party a redacted copy of the document that omits the information that the Producing Party claims is subject to a claim of privilege.

    (d)    If, within thirty (30) days of the date of production of the Documents, the Producing Party determines it has produced a Protected Document:

    i.    the Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents. Such notice shall be in writing. However, any written notice must be delivered ten (10) days prior to a deposition or trial. The Producing Party's written notice will identify the Protected Document inadvertently produced by bates number range or hash value, the privilege claimed, and the basis for the assertion of the privilege and shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure 26(b)(5), setting forth the basis for

-17-

the claim of privilege. If any portion of the Protected Document does not contain privileged information, the Producing Party shall also provide to the Receiving Party a redacted copy of the Document that omits the information that the Producing Party believes is subject to a claim of privilege.

    ii.    Within ten (10) days of receiving the Producing Party's written notification described above, the Producing Party shall request that the Receiving Party return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. The Parties shall meet and confer as to whether the Documents are in fact Protected Documents. If the Parties agree that the Documents are in fact Protected Documents, and if the Protected Documents have been loaded into a litigation review database under the control of the Receiving Party, the Receiving Party shall have all electronic copies of the Protected Documents extracted from the database and return, sequester, or destroy the Protected Documents and any copies, along with any notes, abstracts or compilations of the contact thereof.

(e)    If the information contained in a Protected Document has already been used in or described in other documents generated or maintained by the Receiving Party prior to the date of receipt of written notice by the Producing Party, then the Receiving Party shall sequester such documents until the claim has been resolved. If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

(f)    The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege. However, the Receiving Party is prohibited and estopped from arguing that:

          i.       the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege;

          ii.      the disclosure of the Protected Documents was not inadvertent;

          iii.    the Producing Party did not take reasonable steps to prevent the disclosure of the Protected Documents; or

          iv.    the Producing Party failed to take reasonable or timely steps to rectify the error pursuant to the Federal Rules of Civil Procedure, or otherwise.

(g)    Either party may submit Protected Documents to the Court under seal for a determination of the claim of privilege. The Producing Party shall preserve the Protected Documents until such claim is resolved. The Receiving Party may not use the Protected Documents that were submitted to the Court under seal for determination of the claim of privilege for any purpose absent this Court's order.

(h)    Upon a determination by the Court that the Protected Documents are protected by the applicable privilege, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order.

(i)    By operation of the Parties' agreement and Court Order, the Parties are specifically afforded the protections of FRE 502 (d) and (e).

**(signatures on page 20)**

| | |
|---|---|
| DATED: May 4, 2018 | SCHNEIDER WALLACE COTTRELL KONECKY WOTKYNS LLP |
| | By:/          /s/ *Carolyn Cottrell* |
| | Carolyn Hunt Cottrell |
| | Nicole N. Coon |
| | Attorneys for Plaintiff Keith Komarnicki and the proposed Class |
| | |
| | BERGER & MONTAGUE, P.C. |
| | |
| DATED: _____, 2018 | By: |
| | Sarah R. Schalman-Bergen |
| | Camille Fundora |
| | Attorneys for Plaintiff Keith Komarnicki and the proposed Class |
| | |
| DATED: May 4, 2018 | LITTLER MENDELSON, P.C. |
| | |
| | By:          /s/ *Jose Macias, Jr.* |
| | Marlene S. Muraco |
| | Neda N. Dal Cielo |
| | Jose Macias, Jr. |
| | Attorneys for Defendants Dish Network LLC and Dish Network Service Corporation |
| DATED: May 4, 2018 | SUTTON HAGUE LAW CORPORATION |
| | |
| | By:          /s/ *Jared Hague* |
| | S. Brett Sutton |
| | Jared Hague |
| | Justin Vecchiarelli |
| | Attorneys for Defendant Linkus Enterprises, LLC |

**ORDER**

IT IS SO ORDERED.

Dated:  **May 8, 2018**          /s/ *Sheila K. Oberto*

STIPULATION TO PROTECTIVE ORDER AND CLAWBACK AGREEMENT

UNITED STATES MAGISTRATE JUDGE

STIPULATION TO PROTECTIVE ORDER AND CLAWBACK AGREEMENT

**EXHIBIT "A"**

**PROMISE OF CONFIDENTIALITY**

I, _____, declare as follows:

      1.    My [business or residential] address is _____, _____and my present occupation is _____.

      2.    I have received a copy of the **STIPULATED PROTECTIVE ORDER AND CLAWBACK AGREEMENT** regarding Confidential Discovery in the matter entitled *Keith Komarnicki v. Linkus Enterprises, LLC et al,* United States District Court, Eastern District of California, Case No. 1:16-cv-01602-DAD-SKO.

      3.    I will comply with all of the provisions of the **STIPULATED PROTECTIVE ORDER AND CLAWBACK AGREEMENT**. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the **STIPULATED PROTECTIVE ORDER AND CLAWBACK AGREEMENT**, and will not copy or use except for purposes of the litigation, any documents or information designated **"Confidential" or "Highly Confidential – Attorneys Eyes' Only."**

      4.    I will return any materials received under this **STIPULATED PROTECTIVE ORDER AND CLAWBACK AGREEMENT** at the conclusion of the instant case, to the Party or its counsel who originally provided said materials to me.

      5.    I hereby stipulate to the jurisdiction of the United States District Court, Eastern District of California with regard to any proceeding to enforce the terms of the **STIPULATED PROTECTIVE ORDER AND CLAWBACK AGREEMENT** against me.

      I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct and that this **PROMISE OF CONFIDENTIALITY** was executed on the _____ day of _____ in _____.

_____

STIPULATION TO PROTECTIVE ORDER AND CLAWBACK AGREEMENT